1  DAVID A. BOONE - State Bar No. 74165
   LEELA V. MENON - State Bar No. 195435
2  LAW OFFICES OF DAVID A. BOONE
   1611 The Alameda
3  San Jose, California 95126
   Telephone (408) 291-6000
4  Fax (408) 291-6016

5  ATTORNEYS FOR DEBTORS
   Emilian and Iuliana Elefteratos

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | CASE NO. 06-50769 ASW 11 |
| ) | |
| EMILIAN ELEFTERATOS ) | CHAPTER 11 |
| ) | |
| IULIANA ELEFTERATOS ) | |
| ) | Adv. Proc. No. |
| Debtors. ) | |
| _____) | |
| ) | |
| EMILIAN ELEFTERATOS ) | |
| IULIANA ELEFTERATOS ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WATERMILL PARTNERS, LLC ) | |
| WELLS FARGO BANK, N.A. ) | |
| CISCO SYSTEMS, INC. ) | |
| NEIMAN MARCUS, a Division of THE ) | |
| NEIMAN MARCUS GROUP, INC. ) | |
| FRANCHISE TAX BOARD; ) | |
| BROCADE COMMUNICATIONS ) | |
| SYSTEMS, INC.; ) | |
| INTERNAL REVENUE SERVICE; ) | |
| MBNA AMERICA BANK, N.A. ) | |
| MBNA AMERICA, N.A. ) | |
| _____) | |

**COMPLAINT**

EMILIAN ELEFTERATOS and IULIANA ELEFTERATOS, Plaintiffs herein,

complaining of the Defendants, allege:

1

# FIRST CAUSE OF ACTION
## NATURE, EXTENT AND VALIDITY OF LIEN

1. This Court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157(b)(1).

2. Pursuant to Bankruptcy Rule 7008(a), plaintiff states that this is a "core proceeding" within the meaning of 28 U.S.C. §157(b) and particularly 28 U.S.C. §157(b)(2)(K). Plaintiffs consent to the bankruptcy judge hearing, determining and entering appropriate orders and judgments, subject to review under section 28 U.S.C. §158 of this title.

3. Plaintiffs are the Debtors in this case having filed a bankruptcy petition under Chapter 11, case no. 06-50769 ASW on May 9, 2006.

4. Plaintiffs are, and at all times mentioned herein, were the owners in fee simple absolute of that certain real property commonly known as 1995 Herriman Avenue, Saratoga, CA 95070 (hereinafter referred to as the "the subject property"). The subject property is used by plaintiffs as their residence.

5. Defendant WATERMILL PARTNERS, LLC (hereinafter "defendant WATERMILL") is a corporation organized and existing under the laws of the state of California. Defendant WATERMILL holds a second deed of trust on the subject property.

6. Defendant, WELLS FARGO BANK, N.A. (hereinafter "defendant WELLS FARGO") is a corporation organized and existing under the laws of the state of California. Defendant WELLS FARGO BANK holds a third deed of trust on the subject property.

7. Defendant CISCO SYSTEMS, INC. (hereinafter "Defendant CISCO") is a corporation organized and existing under the laws of the state of California. Defendant Cisco is the holder of a fourth deed of trust on the subject property.

8. Defendant, NEIMAN MARCUS, a Division of THE NEIMAN MARCUS GROUP, INC. Is a corporation organized and existing under the laws of the state of Texas and holds a judgment lien against the subject property.

8. Defendant FRANCHISE TAX BOARD holds a tax lien against the subject property.

9. Defendant BROCADE COMMUNICATIONS SYSTEMS, INC. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Santa Clara County; and holds a judgment lien against the subject property.

10. Defendant, INTERNAL REVENUE SERVICE holds a tax lien against the subject property.

11. Defendant, MBNA America Bank, N.A. aka MBNA America, N.A. (hereinafter MBNA AMERICA), is a corporation organized and existing under the laws of Delaware and holds judgment liens on the property.

12. The approximate encumbrances on the subject property as of the time the Chapter 11 was filed, listed in the order of priority are as follows:

| Name | Encumbrance Type | Amount Owed |
|---|---|---|
| 1. EMC | First Deed of Trust | $1,637,362.58 |
| 2. Watermill Partners, LLC | Second Deed of Trust (equity line) | $371,888.03 |
| 3. Wells Fargo Bank, N.A. | Third Deed of Trust | $160,743.24 |
| 4. Cisco Systems, Inc. | Fourth Deed of Trust | $468,999.90 |
| 5. Nieman Marcus | Judgment Lien | $28,589.47 |
| 6. Franchise Tax Board | Tax Lien | $18,630.88 |
| 7. Brocade Communications Systems, Inc. | Judgment Lien | $192,487.38 |
| 8. Internal Revenue Service | Tax Lien | $ 67,778.72 |

3

| | | |
|---|---|---|
| 9. MBNA America Bank, N.A. | Judgment Lien | $121,422.45 |
| 10. MBNA America, N.A. | Judgment Lien | $121,422.45 |
| | Total Encumbrances: | $ 3,189,325.10 |

13. The approximate encumbrances on the subject property are based upon information provided by proofs of claim, liens of record, statements and former demands from the lienholders. With respect to the judgment liens, it is unclear if releases have been recorded to date upon satisfaction.

14. The market value as of the filing of the Chapter 11 Case of $1,450,000.00 as stated in Schedule A of the subject property is less than the $1,637,362.58 owed to the first senior lienholder. A post-petition appraisal dated May 10, 2006 gave the property a value of $1,500,000.00 as of the date of filing the petition. Therefore these defendants, WATERMILL, WELLS FARGO, CISCO, NEIMAN MARCUS, FRANCHISE TAX BOARD, BROCADE COMMUNICATIONS, THE INTERNAL REVENUE SERVICE and MBNA AMERICA BANK have no security interest in the subject property, their liens are wholly unsecured and thus are null and void.

15 This adversary proceeding alleges that the claims of these lienholders are wholly unsecured, that the liens have no value, and that their claims should be allowed only as unsecured debts in the Chapter 11 case. The liens purportedly representing the basis of a security interest should be declared null and void and of no further force or effect.

16. Pursuant to 11 U.S.C. §506 and Bankruptcy Rule 7001, plaintiffs are entitled to a determination as to what extent and amount, if any, the liens of defendants WATERMILL, WELLS FARGO, CISCO, NEIMAN MARCUS, FRANCHISE TAX BOARD, BROCADE COMMUNICATIONS, THE INTERNAL REVENUE SERVICE and MBNA AMERICA BANK remain valid, existing secured liens on the subject property.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth below.

### SECOND CAUSE OF ACTION
### LACK OF CONSIDERATION WITH RESPECT TO DEFENDANT CISCO

17. Plaintiffs hereby re-allege paragraphs 1 through 16 as though fully set forth and incorporated herein.

18. The deed of trust obtained by Defendant, CISCO against the subject property was wholly without any consideration. There was no act, forbearance, or promise thereof, which was offered by Defendant as a benefit or detriment to induce Debtors' actions to encumber the subject property.

19. Debtor, Emilian Elefteratos was employed by Cisco between January 15, 1996 and April 2, 2002. He began his employment with the company in Paris, France and later was transferred to San Jose, California. He received and exercised several grants of stock-options when same vested.

20. Early in 2000, Debtor received a call from the stock administration department to inform him of a miscalculation on the company's part, with respect to the percentage for tax witholdings for several stock-options trades and that the company owed him $398,000 as a result.

21. Before any transfers were made, Debtor's stockbroker confirmed in writing and verbally that indeed the amount was owed and the funds were transferred to Debtor's account.

22. Approximately 14 months thereafter, or by mid 2001, Debtor received a call from a Mr. White, Director of the Audit Department, informing him that a mistake had been made and that he owed the $398,000.00 back to Cisco since it was transferred by mistake.

23. Debtors had used the money to for various investment and living expenses and were unable to repay the amount by way of a lump sum. Mr. White suggested a monthly payment arrangement until the entire sum was paid off and Debtor

5

1  agreed fearing jeopardy of his future with the company.

2      24.    After a few payments, it was evident that Debtor could not support
3  the additional payments and Mr. White suggested a loan secured by the Debtors home
4  for repayment of the $398,124.34 at a rate of 4.76% per annum.

5      25.    Debtor informed Mr. White that he had no equity in his property to
6  support such a proposal but Mr. White insisted they should complete the formality.

7      26.    In February 2002, Debtor considered a job opportunity with
8  Brocade Communications and believed this opportunity would help pay back the debt
9  to Cisco.

10     27.    Debtor informed Mr. White of the position, and HR then informed
11 Debtor that he could not obtain a release to leave the company until a deed of trust was
12 executed. Debtors executed a deed of trust on April 12, 2002.

13     28.    Before signing the documents, Debtor again explained to Mr.
14 White they already had three loans on the property; a first mortgage with EMC/
15 Washington Mutual for $1.6 million; a second mortgage with Irwin Home Equity
16 $300,000 and a third with Wells Fargo Bank for $175,000.

17     29.    At the time, the house was appraised at approximately the first
18 mortgage balance owed. There was no equity in the property to support this deed of
19 trust and no consideration was received by Debtors at the time the deed was recorded.

20     30.    Defendant CISCO has no valid lien against Debtors' subject
21 property because the deed of trust was obtained without consideration for said deed of
22 trust and the underlying obligation on the deed of trust, if any, cannot be supported as a
23 secured claim on the subject property. Any claim against the Plaintiffs must be an
24 unsecured claim.

**THIRD CAUSE OF ACTION**
**CANCELLATION OF DEED OF TRUST WITH RESPECT**
**TO DEFENDANT CISCO**

27     31.    Plaintiffs hereby re-allege paragraphs 1 through 30 as though fully
28 set forth and incorporated herein.

6

1    32.    The written instrument that purports to be a deed of trust in favor
2 of Defendant, CISCO on the subject property was obtained without consideration, and
3 is otherwise void as a matter of law.  Defendant has refused to cancel the purported
4 deed of trust.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF**

7    33.    Plaintiffs hereby re-alleges paragraphs 1 through 32 as though
8 fully set forth and incorporated herein.
9    34.    An actual controversy exists between the parties concerning their
10 respective rights and duties because Plaintiffs contend as follows: All Defendants'
11 liens are  invalid, illegal, avoidable, wholly unsecured and without any right as a
12 secured lien against the subject property. There is no equity in the subject property to
13 support the Defendants' claims as secured.
14    35.    The liens Plaintiffs seek to have declared wholly unsecured and of
15 no valid force or effect as a lien against the subject property are:

| | | |
|---|---|---|
| a. Watermill Partners, LLC | Second Deed of Trust | $371,888.03 |
| b. Wells Fargo Bank, N.A. | Third  Deed of Trust | $160,743.24 |
| c. Cisco Systems, Inc. | Fourth Deed of Trust | $468,999.90 |
| d. Nieman Marcus(Prelim. Rept.) | Judgment Lien | $28,589.47 |
| e. Franchise Tax Board | Tax Lien | $18,630.88 |
| f. Brocade Communications | Judgment Lien | $192,487.38 |
| g. Internal Revenue Service | Tax Lien | $ 67,778.72 |
| h. MBNA America Bank, N.A. | Judgment Lien | $121,422.45 |
| i.  MBNA America, N.A. | Judgment Lien | $121,422.45 |

25    36.    There is a good faith dispute as to whether their claimed secured
26 liens shall be determined to be wholly unsecured and thus void and of no validity. <u>Lam</u>
27 <u>v. Investors Thrift (In Re Lam)</u>, 211 B. R. 36 and its progeny.

7

37. Plaintiffs pray that the court determine the nature, extent and validity of the each of the Defendants' liens against Debtors' residence and declare and order said liens to be of no force, effect, and validity.

## FIFTH CAUSE OF ACTION
## QUIET TITLE

38. Plaintiff hereby re-alleges paragraphs 1 through 37 as though fully set forth and incorporated herein.

39. Debtors are, and at all times herein mentioned were, the owners in fee simple and in possession and control of the subject property.

40. The basis of Debtors' title is a grant deed in favor of Debtors.

41. Debtors are seeking to quiet title against the claim of Defendant as follows: WATERMILL, WELLS FARGO, CISCO, NEIMAN MARCUS, FRANCHISE TAX BOARD; BROCADE COMMUNICATION SYSTEMS, INC. THE INTERNAL REVENUE SERVICE and MBNA AMERICA BANK who claim some right, title, estate, lien or interest in and to the subject property based on the purported deeds of trust. Defendants' claims are without any right whatever and Defendants have no right, title, estate, lien, or interest whatever in the subject property, or any part of that property.

42. Plaintiffs seek to quiet title as of the date this complaint is filed.

## SIXTH CAUSE OF ACTION:
## ACCOUNTING AND TURNOVER

43. Plaintiffs hereby re-alleges paragraphs 1 through 42 as though fully set forth and incorporated herein.

44. Plaintiffs allege that Defendants have received property, money, and security interests, of plaintiffs in excess of any money due to them. The amount of money due and owing Plaintiffs can not be determined without an accurate accounting by the Defendants. Plaintiffs are entitled to turnover of all monies and property improperly held by Defendants.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth below:

8

|   |   |    |                                                                                                                                                                                                                                       |
|---|---|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1 |   | a. | For a determination as to the nature, extent and validity of the defendants' lien(s) against debtor's property; |
| 2 |   |    |                                                                                                                                                                                                                                       |
| 3 |   |    |                                                                                                                                                                                                                                       |
| 4 |   | b. | For a determination as to what amount is owed to each defendant if any and in what priority and amount; |
| 5 |   |    |                                                                                                                                                                                                                                       |
| 6 |   | c. | That the purported note & deed with CISCO to be declared void based on lack of consideration; |
| 7 |   |    |                                                                                                                                                                                                                                       |
| 8 |   |    |                                                                                                                                                                                                                                       |
| 9 |   | d. | For a declaration that the deeds of trust from plaintiffs to defendants Watermill, LLC, Wells Fargo Bank, N.A. and Cisco Systems are void, unenforceable, and of no further force or effect; |
| 10 |  |    |                                                                                                                                                                                                                                       |
| 11 |  |    |                                                                                                                                                                                                                                       |
| 12 |  | e. | That defendant CISCO reconvey and deliver the purported deed of trust forthwith to the clerk of the court for cancellation; |
| 13 |  |    |                                                                                                                                                                                                                                       |
| 14 |  |    |                                                                                                                                                                                                                                       |
| 15 |  | f. | For a judgment that Plaintiffs are the owner in fee simple of the property and that defendants have no interest in or lien on the property adverse to the Plaintiffs; |
| 16 |  |    |                                                                                                                                                                                                                                       |
| 17 |  |    |                                                                                                                                                                                                                                       |
| 18 |  | g. | For the judgment liens of Neiman Marcus, Brocade Communications, Inc. MBNA America Bank N.A. and MBNA America, N.A. to be declared of no force or effect and that same be expunged from the public record; |
| 19 |  |    |                                                                                                                                                                                                                                       |
| 20 |  |    |                                                                                                                                                                                                                                       |
| 21 |  |    |                                                                                                                                                                                                                                       |
| 22 |  | h. | For the tax liens of the Franchise Tax Board and the Internal Revenue Service to be declared void, unenforceable and of no force and effect and that their claims be deemed wholly unsecured; |
| 23 |  |    |                                                                                                                                                                                                                                       |
| 24 |  |    |                                                                                                                                                                                                                                       |
| 25 |  |    |                                                                                                                                                                                                                                       |
| 26 |  | i. | For general damages according to proof; |
| 27 |  |    |                                                                                                                                                                                                                                       |
| 28 |  | j. | For special damages according to proof; |

| | | |
|---|---|---|
| 1 | | |
| 2 | k. | For punitive damages according to proof; |
| 3 | | |
| 4 | l. | For attorney's fees and costs incurred in bringing this action; and |
| 5 | m. | Other such declaratory or other relief as the Court deems just and proper. |
| 6 | | |

DATED: August 23, 2006

Respectfully Submitted,

LAW OFFICES OF DAVID A. BOONE

By: /s/David A. Boone
DAVID A. BOONE, Esq.
ATTORNEYS FOR PLAINTIFFS