DAVID A. BOONE - State Bar No. 74165
LEELA V. MENON - State Bar No. 195435
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California  95126
Telephone:     (408) 291-6000
Facsimile:     (408) 291-6016

Attorneys for Debtors
EMILIAN ELEFTERATOS and
IULIANA ELEFTERATOS

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>EMILIAN ELEFTERATOS<br><br>IULIANA ELEFTERATOS<br><br>Debtors.<br>_____ | CASE NO. 06-50769 ASW<br><br>Chapter 11 |
| EMILIAN ELEFTERATOS<br>IULIANA ELEFTERATOS<br><br>Plaintiffs,<br>v.<br><br>WATERMILL PARTNERS LLC,<br>WELLS FARGO BANK, N.A.<br>CISCO SYSTEMS INC.<br>NEIMAN MARCUS, a Division of THE<br>NEIMAN MARCUS GROUP, INC.<br>FRANCHISE TAX BOARD;<br>BROCADE COMMUNICATIONS<br>SYSTEMS INC.;<br>INTERNAL REVENUE SERVICE;<br>MBNA AMERICA BANK, N.A.<br>MBNA AMERICA, N.A.,<br><br>Defendants.<br>_____ | ADV. PROC. NO. 06-5162 ASW<br><br>Hearing: June 21, 2007<br>Time: 2:15p.m<br>Court Room: 3020 |

## **PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Emilian and Iuliana Elefteratos, by and through their attorneys, the Law

Offices of David A. Boone, move this Honorable Court for an Order For Summary Judgment

against the Defendants, Cisco Systems, Inc. and Franchise Tax Board and the Internal Revenue

Service on this complaint to determine the nature, extent and validity of liens on the Plaintiffs primary residence on the ground that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law for the reason that even if all factual elements of Defendants' assertions were construed in the favor of Defendants, there still does not exist a defense to the Plaintiff's claims.

This Motion is made pursuant to Federal Rule of Civil Procedure 56 as made applicable by Federal Bankruptcy Rule of Procedure 7056 and Bankruptcy Local Rule 7007-1.

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This Court has exclusive jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §157(b)(1).

1.      Pursuant to Bankruptcy Rule 7008(a), plaintiff states that this is a "core proceeding" within the meaning of 28 U.S.C. §157(b) and particularly 28 U.S.C. §157(b)(2)(K). Plaintiffs consent to the bankruptcy judge hearing, determining and entering appropriate orders and judgments, subject to review under section 28 U.S.C. §158 of this title.

2.      Plaintiffs are the Debtors in this case having filed a bankruptcy petition under Chapter 11, case no. 06-50769 ASW on May 9, 2006.

3.      Plaintiffs are, and at all times mentioned herein, were the owners in fee simple absolute of that certain real property commonly known as 1995 Herriman Avenue, Saratoga, CA 95070 (hereinafter referred to as the "the subject property"). The subject property is used by plaintiffs as their residence.

4.      Defendant WATERMILL PARTNERS, LLC (hereinafter "defendant WATERMILL") is a corporation organized and existing under the laws of the state of California. Defendant WATERMILL holds a second deed of trust on the subject property.

5.      Defendant, WELLS FARGO BANK, N.A. (hereinafter "defendant WELLS FARGO") is a corporation organized and existing under the laws of the state of California. Defendant WELLS FARGO BANK holds a third deed of trust on the subject

2

property.

6. Defendant CISCO SYSTEMS, INC. (hereinafter "Defendant CISCO") is a corporation organized and existing under the laws of the state of California. Defendant Cisco is the holder of a fourth deed of trust on the subject property.

7. Defendant, NEIMAN MARCUS, a Division of THE NEIMAN MARCUS GROUP, INC. Is a corporation organized and existing under the laws of the state of Texas and held a judgment lien against the subject property at the time of the filing of the complaint. Said judgment has now been released and the action has been dismissed against this Defendant.

8. Defendant FRANCHISE TAX BOARD holds a tax lien against the subject property.

9. Defendant BROCADE COMMUNICATIONS SYSTEMS, INC. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Santa Clara County; and holds a judgment lien against the subject property. No Answer was filed by said Defendant and Clerk has entered the party's default.

10. Defendant, INTERNAL REVENUE SERVICE holds a tax lien against the subject property.

11. Defendant, MBNA America Bank , N.A. aka MBNA America, N.A. (hereinafter MBNA AMERICA), n/k/a Bank of America, FIA Card Services  held judgment liens on the property.

12. The approximate encumbrances on the subject property as of the time the Chapter 11 was filed, listed in the order of priority are as follows:

| Name | Encumbrance Type | Amount Owed |
|---|---|---|
| 1. EMC | First Deed of Trust | $1,637,362.58 |
| 2. Watermill Partners, LLC | Second Deed of Trust (equity line) | $371,888.03 |
| 3. Wells Fargo Bank, N.A. | Third  Deed of Trust | $160,743.24 |
| 4. Cisco Systems, Inc. | Fourth Deed of Trust | $468,999.90 |
| 5. Nieman Marcus | Judgment Lien | $28,589.47 |
| 6. Franchise Tax Board | Tax Lien | $18,630.88 |
| 7. Brocade Communications Systems, Inc. | Judgment Lien | $192,487.38 |
| 8. Internal Revenue Service | Tax Lien | $ 67,778.72 |
| 9. MBNA America Bank, N.A. | Judgment Lien | $121,422.45 |

3

| 10. MBNA America, N.A. | Judgment Lien | $121,422.45 |
| --- | --- | --- |
| | Total Encumbrances: | $ 3,189,325.10 |

13. The approximate encumbrances on the subject property are based upon information provided by proofs of claim, liens of record, statements and former demands from the lienholders. With respect to the judgment liens, it was unclear if releases have been recorded to date upon satisfaction.

14. The market value as of the filing of the Chapter 11 Case of $1,450,000.00 as stated in Schedule A of the subject property is less than the $1,637,362.58 owed to the first senior lienholder. A post-petition appraisal dated May 10, 2006 gave the property a value of $1,500,000.00 as of the date of filing the petition. The Declaration of the certified appraiser, Michael Frangadakis incorporating his report is fully incorporated herein by reference. A copy of this appraisal was provided to each remaining Defendant early in the proceedings.

15. Plaintiffs have entered into a Stipulation with Defendant Watermill LLC, reducing the value of their secured claim to $100,000.00. The lien remains in the amount of $371,888.03 until the $100,000.00 is paid in full.A copy of the Stipulation and Order with respect to the reduced claim is annexed to the Request For Judicial Notice filed herewith and is fully incorporated herein by reference. Wells Fargo Bank, MBNA America Bank, N.A. and MBNA America, N.A.have agreed to have their claims allowed as wholly unsecured claims. The case was dismissed as to Neiman Marcus since they recorded the satisfaction of judgment. A default judgment has been obtained against Brocade Communications, Inc. Summary judgment is sought against remaining Defendants, Cisco Systems, Inc., the Franchise Tax Board and the Internal Revenue Service. These Defendants have no security interest in the subject property, their liens are wholly unsecured and thus are null and void.

16. This adversary proceeding alleges that the claims of these lienholders are wholly unsecured, that the liens have no value, and that their claims should be allowed only as unsecured debts in the Chapter 11 case. The liens purportedly representing the basis of a security interest should be declared null and void and of no further force or effect.

17. Pursuant to 11 U.S.C. §506 and Bankruptcy Rule 7001, plaintiffs are

4

entitled to a determination as to what extent and amount, if any, the liens of remaining

defendants CISCO SYSTEMS, FRANCHISE TAX BOARD, THE INTERNAL REVENUE

SERVICE, remain valid, existing secured liens on the subject property. Plaintiffs contend all

remaining Defendants' liens are invalid, illegal, avoidable, wholly unsecured and without any

right as a secured lien against the subject property. There is no equity in the subject property to

support the Defendants' claims as secured and as such their liens must be stripped off.

18. The liens Plaintiffs seek to have declared wholly unsecured and of

no valid force or effect as a lien against the subject property are:

| | | |
|---|---|---|
| a. Cisco Systems, Inc. | Fourth Deed of Trust | $468,999.90 |
| b. Franchise Tax Board | Tax Lien | $18,630.88 |
| c. Internal Revenue Service | Tax Lien | $ 67,778.72 |

In addition, the pursuant to the entry of default against Brocade Communications, Inc. a

declaration that their lien be declared wholly unsecured and/or completely null and void is

sought. The claims of Defendants alleged as secured pursuant to proof of claims filed herein and

annexed as Exhibits to the Request For Judicial Notice as follows: Cisco Systems $471,403.00;

Franchise Tax Board $25,031.50 and the internal Revenue Service $83,389.51.

19. There clearly is no good faith dispute as to whether their claimed secured

liens should be determined to be wholly unsecured and they are thus void and of no validity.

Lam v. Investors Thrift (In Re Lam), 211 B. R. 36 and its progeny. *Lam*'s ruling that wholly

unsecured liens are void has been adopted by essentially all the courts of appeal in the country.

(citations *infra*).

20. Plaintiffs pray that the court determine the nature, extent and

validity of the each of the Defendants' liens against Debtors' residence and declare and

order said liens to be of no force, effect, and validity.


## ARGUMENT

**A.    THE UNDISPUTED MATERIAL FACTS SHOW THAT PLAINTIFF IS
ENTITLED TO JUDGMENT AS A MATTER OF LAW**

Rule 56 specifically states:

> [Summary] judgment shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories and admissions on file,
> together with the affidavits, if any, show that there is no genuine

Case: 06-05162    Doc# 39    Filed: 05/23/07    Entered: 05/23/07 19:13:51    Page 5 of 10

issue as to any material fact and that the moving party is entitled
to a judgment as a matter of law.

The standards for summary judgment are well-established, especially since the Supreme Court's 1986 trilogy of cases clarifying the standards and criteria for obtaining summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A court will consider granting summary judgment upon the movant making a prima facie showing that the standard for obtaining summary judgment has been satisfied. In the absence of evidence to the contrary, plaintiff's evidence compels the conclusion plaintiff seeks. *See* Black's Law Dictionary 1190 (6th ed. 1990) (citing *Husbands v. Commonwealth of Pennsylvania*, 395 F. Supp. 1107, 1139 (E.D. Pa. 1975).

After a movant makes a properly supported summary judgment motion, the non-movant has the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). The non-movant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson*, *supra*. Also see *Mutual Fund Investors, Inc. V. Putnam Management Co.*, 553 F. 2d 620 (9th Cir. 1977), *In re Sarner*, 22 B.R. 63 (9th Cir. BAP 1982). The mere argument that fact issues exist is insufficient to prevent summary judgment where plaintiff has established a prima facie case and Defendant has failed to introduce specific facts putting matters at issue. *Gulf Puerto Rico Lines v. Maicera Criolla, Inc.*, 309 F. Supp. 539, 541 (D.P.R. 1969). In the Ninth Circuit, the United States of America obtained a summary judgment in a tax dispute after it established a prima

facie case of tax liability and the taxpayer failed to introduce opposing evidence.  *United States v. Pierce*, 609 F.2d 407, 408 (9th Cir. 1979).

Favorable material facts, although disputed by an opposing party, that have been objectively and unquestionably determined in a manner the court is not free to disregard, entitles the movant to summary judgment.  In *Anderson v. Liberty Lobby, Inc.*, *supra* 477 U.S. at 248, the Supreme Court held that disputed facts are "material," for the purpose of summary judgment, if a dispute over those facts will affect the outcome of the case.  In the instant case, Plaintiff relies upon the un-contradicted facts and documentation which shows proof that Plaintiff is entitled to judgment on his complaint finding that the Defendants secured claims must be deemed null and void and of no force or effect.  Summary judgment is appropriate when movant establishes facts particular to the claimant's right to relief beyond a reasonable jury question.  *See Edison v. Reliable Life Ins. Co.*, 664 F.2d 1130, 1131 (9th Cir. 1981).

**B.  DEFENDANTS CLAIMS MUST BE TREATED AS UNSECURED SINCE THERE IS NO EQUITY IN THE SUBJECT PROPERTY TO SUPPORT THEIR CLAIMS AS SECURED**

11 U.S.C. Section 506(a) makes it clear that the status of a claim depends on the valuation of the property and provides in relevant part:

(1) An Allowed claim of a creditor secured by a lien on property in which the estate has an interest, ...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim."

11 U.S.C. Section 506(d) further provides:

"To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless-

(1) such claim was disallowed only under Section 502(b)(5), or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of the entitle to file a proof of such claim under section 501 of this title."

///

7

Debtor Plaintiffs request a finding that the value of the property be declared at $1,500,000.00 based upon the appraisal and that the liens of Cisco, the Franchise Tax Board and the Internal Revenue Service be stripped off and removed entirely as wholly unsecured liens pursuant to *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (1977) .

Without reaching the merits of Cisco's purported fourth deed of trust and reserving the right to object thereto, Cisco's lien is junior to the first deed of trust of EMC Mortgage Corporation and the value of the loan secured by the first deed of trust is greater than the value of the house. In addition, without reaching the merits of the tax claim amounts, and without waiving the right to object thereto, it is clear the tax liens of the Franchise Tax Board and the Internal Revenue Service must be stripped off and deemed wholly unsecured.

The Ninth Circuit Court of Appeals in *Zimmer v. PSB Lending Corporation, (In Re Zimmer),* 313 F. 3d 1220 (9th Cir. 2002) adopted the ruling in In re Lam and noted that the position "has been adopted by all five Courts of Appeal to consider the issue as well as two Bankruptcy Appellate Panels", citing *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F. 3d 663, 667-669 (6th Cir. 2002); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F. 3d 122, 126 (2d. Cir. 2001); *Tanner v. FirstPlus Fin., Inc. (in Re Tanner)*, 217 F. 3d 1357, 1359-60 (11th Cir. 2001); *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F. 3d 277, at 288, 295 (5th Cir. 2000); *McDonald v. Master Fin., Inc. (in Re McDonald)*, 205 F. 3d 606, 611 (3d Cir. 2000); *Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831,840 (B.A.P. 1st Cir. 2000; and most importantly the case cited by the court as "the earliest and most influential of these cases "- *Lam*, *supra*, 211, B.R. 36 at 40-41.

In *Enewally v. Washington Mut. Bank (In re Enewally)*, 368 F. 3d 1165, 1170 (9th Cir. 2004), the Ninth Circuit Court of Appeals citing *Bartee, supra,* at 291 n.21 (quoting

Case: 06-05162    Doc# 39    Filed: 05/23/07    Entered: 05/23/07 19:13:51    Page 8 of 10

Jane Kaufmann Winn, Lien Stripping After Nobelman, 27 LOY. LA. L. REV. 541, 554-55 (1994) stated:

> "The rationales advanced in the Dewsnup opinion [ Dewsnup v. Timm, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed. 2d 903 (1992)] for prohibiting lien stripping in Chapter 7 bankruptcies, however, have little relevance in the context of rehabilitative bankruptcy proceedings under Chapters 11, 12 and 13, where lien stripping is expressly and broadly permitted, subject only to very minor qualifications. The legislative history of the Code makes it clear that lien stripping is permitted in reorganization chapters."

In addition, liens do not move up if a more senior lien is declared void. As the Court in In Re Braeger, (1984) 39 B.R. 441, 443 confronted with a similar situation and a similar argument about the priority of a lien, noted "for the sake of consistency and logic the value of the property and the value of the claims must be valued at the same time." The Bankruptcy Courts in the Ninth Circuit have used the petition date as the time for valuation of the property. *La Jolla Mortgage Fund v. Rancho El Cajon Associates* (1982) 18 B.R. 283, 287, and *Fox v. Peck Iron and Metal Co. Inc.*, (1982) 25 B.R. 674,693.

## CONCLUSION

The undisputed material facts of this case show that Defendants, secured claims must be declared null and void and of no further force and effect. Their claims must be considered wholly unsecured and must be treated and paid as such. Plaintiffs reserve the right to pursue cancellation/reconveyance and validity of the fourth deed of trust for lack of consideration Judgment should be entered for Plaintiff as set forth below:

1.  For a finding as to the value of the property at $1,500,000.00;

2.  Judgment determining that the secured claim of Cisco, its secured lien, the purported fourth deed of trust upon Plaintiffs' property commonly known as 1995 Herriman Avenue, Saratoga, CA 95070, the subject property, is wholly unsecured, has no value, and the lien shall be declared null and void and of no further force or effect; that its claim be allowed as a general unsecured claim only in the Plaintiffs Chapter 11 case reserving all rights of the Plaintiffs to object thereto;

9

3.  Judgment determining that the secured claim of the Franchise Tax Board, its secured lien, the tax lien upon Plaintiffs' property commonly known as 1995 Herriman Avenue, Saratoga, CA 95070, the subject property, is wholly unsecured, has no value, and the lien shall be declared null and void and of no further force or effect; that its claim be allowed as a general unsecured claim only in the Plaintiffs Chapter 11 case reserving all rights of the Plaintiffs to object thereto;

4.  Judgment determining that the secured claim of the Internal Revenue Service, its secured lien, the tax lien upon Plaintiffs' property commonly known as 1995 Herriman Avenue, Saratoga, CA 95070, the subject property, is wholly unsecured, has no value, and the lien shall be declared null and void and of no further force or effect; that its claim be allowed as a general unsecured claim only in the Plaintiffs Chapter 11 case reserving all rights of the Plaintiffs to object thereto;

5.  Judgment with respect to the determination as to what amount is owed each Defendant and in what priority;

6.  For a judgment that Plaintiffs are the owner in fee simple of the property and that defendants have no interest in or lien on the property adverse to the Plaintiffs;

7.  For the judgment lien of Brocade Communications, Inc. to be declared of no force or effect and that same be expunged from the public record;

8.  For general damages according to proof;

9.  For special damages according to proof;

10. For punitive damages according to proof;

11. For attorney's fees and costs incurred in bringing this action; and

12. Other such declaratory, legal or equitable or other relief as the Court deems just and proper.

Respectfully submitted,

DATED:  May 23, 2007          LAW OFFICES OF DAVID A. BOONE


By:  /s/ David A. Boone
     DAVID A. BOONE
     Attorneys for Plaintiff and Debtor

10